IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LYNNETTE D. LOWREY                                              PLAINTIFF


        v.                            CIVIL NO. 08-3010


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                 DEFENDANT


### MEMORANDUM OPINION

Plaintiff, Lynnette D. Lowrey, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current application for SSI on June 6, 2005, alleging an inability to work due to reactive airway disease (RAD), hepatitis B and C with fatigue, diffuse arthralgias and muscle pain, rheumatoid arthritis, hypertension, hypothyroidism, hearing loss, vision loss and degenerative changes in her hands. (Tr. 13, 56). An administrative hearing was held on March 22, 2007, at which plaintiff appeared with counsel and testified. (Tr. 308-357).

AO72A
(Rev. 8/82)

By written decision dated June 25, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). However, after reviewing all of the evidence presented, she determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry twenty pounds occasionally, ten pounds frequently; to stand and/or walk six hours in an eight-hour workday; and to sit for six hours in an eight-hour workday. (Tr. 16-17). Further, the ALJ found due to reduced grip, plaintiff is unable to climb scaffolds, ladders and ropes and that due to joint pain, plaintiff can occasionally climb, stoop, bend, crouch, crawl, kneel and balance. The ALJ found plaintiff is unable to work at unprotected heights or around dangerous equipment-machines and that she must avoid concentrated exposure to dust, fumes, smoke, chemicals and noxious gases. Due to fatigue, the ALJ found plaintiff is able to perform work that involves only non-complex simple instructions and little judgment, work that is routine and is learned by rote with few variables; and work that involves supervision that is concrete, direct and specific. (Tr. 17). With the help of a vocational expert, the ALJ determined plaintiff could perform other work as a small products assembler and a machine operator. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 25, 2007. (Tr. 3-5). Plaintiff requested and was granted an extension to file a civil complaint by the Appeals Council on December 21, 2007. (Doc. 1, Exhibit C). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the

AO72A
(Rev. 8/82)

undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal

briefs, and the case is now ready for decision.  (Doc. 7, 10).


## II.    Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ

must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden

of proving her disability by establishing a physical or mental disability that has lasted at least one

year and that prevents her from engaging in any substantial gainful activity. *Pearsall v.

Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A),

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §416.920.

### III.   Discussion:

After reviewing the record, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her

-4-

limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting

from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).

The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual

functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).

Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical

evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,*

353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically

a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the ALJ found the degenerative changes in plaintiff's hands to be a

severe impairment. Due to this impairment, the ALJ determined that plaintiff had a reduced grip

strength leaving plaintiff unable to climb scaffolds, ropes and ladders. (Tr. 17). The ALJ failed

to address plaintiff's ability to reach, handle, finger and feel.

A review of the medical evidence shows that on April 25, 2005, plaintiff was seen by Dr.

Eleanor A. Lipsmeyer, a rheumatologist. (Tr. 150-151). On this date, plaintiff complained of

pain and swelling in both wrists and hands for the past three years and knee stiffness for the past

six months. Dr. Lipsmeyer noted morning stiffness was present and that plaintiff had a

decreased grip bilaterally. Dr. Lipsmeyer noted plaintiff had tenderness over the MCPs and PIPs

2 through 5 and that plaintiff's hands showed Dupuytren's contracture with some thenar

atrophy.[1] Plaintiff also complained of numbness over the right 1 through 3 fingers. On July 18,

2005, plaintiff underwent a consultative examination performed by Dr. J.E. Norris. (Tr. 153-

---

[1] A Dupuytren's contracture is defined as shortening, thickening, and fibrosis of the palmar fascia, producing a flexion deformity of a finger. *See* Dorland's Illustrated Medication Dictionary at 398, 29th Edition (2000).

AO72A
(Rev. 8/82)

157).  While Dr. Norris found plaintiff to have good finger control and one hundred percent grip strength, he also noted x-rays of plaintiff's wrist revealed areas of sclerosis and irregularity of uncertain etiology which he opined could represent early rheumatoid arthritis. (Tr. 156). Dr. Norris recommended further evaluation.  As it appears Dr. Lipsmeyer's and Dr. Norris's evaluations of plaintiff's hands were noticeably different, we are troubled by the ability of the ALJ to determine what limitations were caused by plaintiff's hand impairment when it appears even Dr. Norris felt further evaluation was necessary. (Tr. 156).

It is well settled that it is the ALJ's duty to develop the record fully and fairly. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004).  This duty includes the responsibility of ensuring that the record includes evidence from a treating physician, or at least an examining physician, addressing the particular impairments at issue. *Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000) (holding that it was improper for the ALJ to rely on the opinions of reviewing physicians alone). As the ALJ found plaintiff could perform other work that requires frequent handling, reaching, fingering and feeling and it appears two examining physicians had noticeably different evaluations of plaintiff's hands, we believe remand is necessary so that the ALJ can more fully and fairly develop the record regarding plaintiff's hand impairment and how this impairment will affect her activities of daily living.

The record further shows that plaintiff was diagnosed with Hepatitis B and C in April of 2005, and that Dr. Lipsmeyer recommended plaintiff be referred to a gastroenterologist for further assessment. The record reveals plaintiff reported experiencing problems with abdominal pain, vomiting and diarrhea during the relevant time period. Further, the non-examining medical consultant noted plaintiff's medical evidence revealed a "significant compromise of liver

-6-

function." (Tr. 164). Accordingly, further development on the record regarding plaintiff's liver impairment is required.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff and ask the physicians to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question. We strongly recommended the ALJ order a consultative exam by either a gastroenterologist or hepatologist, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and her mental RFC. We find the ALJ adequately discussed why she discounted Dr. Vann Arthur Smith's findings; however, other medical evidence shows plaintiff had been diagnosed with depression and anxiety. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. § 416.915.

-7-

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV.   **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED  this 26th day of June, 2009.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)